**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000767
09-NOV-2018
09:23 AM**

NO. CAAP-18-0000767

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUA SPINNEY, Defendant-Appellant,

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTA-17-03816)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record of district court criminal case number 3DTA-17-03816 for the resulting appeal in appellate court case number CAAP-18-0000767, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In this appeal, Defendant-Appellant Alfred Napahuelua Spinney (Spinney), pro se, appeals from the Honorable Charles Hite's September 13, 2018 order continuing trial until November 1, 2018, when the district court will adjudicate Plaintiff-Appellee State of Hawaii's (the State) December 22, 2017 complaint against Spinney for (1) operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-62 (Supp. 2017) and (2) operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104 (2005). Under these circumstances, the dismissal

of this appeal from the September 13, 2018 interlocutory order is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure.

In the instant case, the September 13, 2018 interlocutory order is not an appealable final order under HRS § 641-12, and, thus, it will be eligible for appellate review only by way of an appeal from a future appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered an appealable final judgment.[1]

HRS § 710-1077(5) provides that "[a] judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review." (Emphasis added).

---

[1] We note that, on May 23, 2018, the district court entered a "FINDINGS AND JUDGMENT OF SUMMARY-DIRECT CRIMINAL CONTEMPT" against Spinney, finding that Spinney caused a breach of peace and disturbance in open court. Spinney was guilty of "summary-direct criminal contempt" in violation of subsections (a) and (b) of HRS § 710-1077(1) (2014 & Supp. 2017) under the circumstances described in HRS § 710-1077(3)(a) and sentenced to imprisonment for a term of thirty days.

Absent an appealable final judgment under HRS § 641-12, we lack appellate jurisdiction over Spinney's appeal. Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000767 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 9, 2018.

Presiding Judge

Associate Judge

Associate Judge